| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>Gillman Capone, LLC<br>60 Highway 71, Unit 2<br>Spring Lake Heights, NJ 07762<br>(732) 661-1664<br>Attorney for Debtor-In-Possession<br>By: Marc C. Capone, Esq. | |
| In Re:<br><br>**Hirsch Glass Corporation**<br><br><br>Debtors | Case No.: **24-20881**<br><br>Judge:<br><br>Chapter: **11**<br><br>Hearing Date: |

**APPLICATION OF THE DEBTOR-IN-POSSESSION FOR USE OF CASH COLLATERAL AND TO PROVIDE ADEQUATE PROTECTION**

Hirsch Glass Corporation (hereinafter "Debtor"), hereby makes this application, by and through its attorneys, for use of cash collateral pursuant to 11 U.S.C. §363 as well as to provide the secured creditor with adequate protection pursuant to 11 U.S.C. §361 and says:

1. The Debtor is a small business and has its main offices located at 115 Melrich Road, Cranbury New Jersey.

2. The Debtor, Hirsch Glass Corporation, is a distributor of engineered stone within the United States. Operating under the trade name of Spectrum Quartz, it occupies an area of 28,337 square feet within an industrial building, HGC also operates five additional distribution centers across the United States, situated in Atlanta, GA, Boston, MA, Orlando, FL, Chantilly, VA, and Charlotte, NC**.** It was incorporated in New Jersey and has been operating

since October 25, 2005.

3. The Debtor has recently been named as a defendant in numerous toxic tort cases with potentially more lawsuits to come. The Debtor believes any liability that it may have in these cases is nominal but nonetheless the cost associated with defending these lawsuits had begun to negatively impact the Debtor's cash flow and operations, which ultimately led to the decision to file the within Chapter 11 petition.

4. Over the course of time, the Debtor has operated a profitable business and believes it will continue to be able to do so but could not continue to litigate more than 50 lawsuits and remain profitable.

5. The Debtor's intention is to reorganize its business. The Debtor has successfully negotiated a Forbearance Agreement with its Secured Creditor, Bank of America, prior to the filing of its petition, thereby allowing the Debtor to extend the term of the loan for an additional period.

## SECURED CREDITOR

6. The Debtor obtained a line of credit with secured creditor, Bank of America through a Master Credit Agreement dated April 9, 2021 with a credit limit of $2,700,000.00. The Note as extended had a maturity date of October 30, 2024. Prior to the maturity of the Note, the Debtor negotiated a Forbearance Agreement with Bank of America extending the term for a period of 6 months. The Debtor believes it presently owes approximately $1,900,000.00 on the Note.

7. Additionally, the Debtor obtained a commercial credit card with Bank of America on April 10, 2019 with a credit limit of $100,000.00. The Debtor believes it

presently owes approximately $50,000.00 on this credit card.

8. The Debtor has granted a security interest to Bank of America to collateralize the loan and the credit card. The collateral partially consists of all of the Debtor's personal property consisting of inventory, accounts receivable, equipment, furniture, machinery, rents, profits and cash collateral.

## USE OF CASH COLLATERAL AND ADEQUATE PROTECTION

9. Consistent with the Certification of Helen Zhao in Support for Authorization to Use Cash Collateral (hereinafter "Zhao Certification"), the Debtor needs access to its cash to continue to operate its business and pay its ordinary operating expenses inclusive of salaries, wages, insurance, utilities and other necessary operating expenses.

10. The Debtor and Bank of America have reached a consensual agreement for the use of cash collateral for a period of 30 days consistent with the budget annexed to the Zhao Certification.

11. Section 361 of the Bankruptcy Code requires the Debtor to provide adequate protection to Bank of America. Consistent with the statute, the Debtor is proposing to make periodic payments pursuant to the Forbearance Agreement, of interest at the rate of interest set forth in the Note of 7.365%, to Bank of America, plus monthly principal payments in the amount of $211,000.00, as well as to pay the balance owed on the Bank of America credit card at the end of each month. Additionally, the Debtor shall provide Bank of America with a replacement lien to the extent that such use of cash collateral results in a decrease in the value of

Bank of America's interest in cash collateral.

12. The Debtor believes Bank of America is adequately protected at the present time as the Debtor believes that the business, at the time of filing, has assets, inclusive of cash, inventory, collectible accounts receivable, furnishings and equipment of approximately $3,920,531.00. Additionally, upon information and belief Bank of America continues to maintain personal guarantees from the Debtor's principals, Alex Xei and Helen Zhao.

13. Therefore, the Debtor believes that Bank of America is "over secured". A replacement lien to the extent of any diminution as well as periodic interest payments in accordance with the interest rate set forth in the loan documents is sufficient to provide adequate protection to Bank of America in its collateral.

14. Consistent with the budget projections annexed to the Zhao Certification, the Debtor believes it will be able to operate profitably and will have sufficient funds to meet its proposed principal and interest payments to Bank of America and requests the Court authorize the use of cash collateral consistent with said budget.

WHERFORE, the Debtor prays that this Court enter an order authorizing the Debtor to use cash collateral consistent with the provisions of 11 U.S.C. §363 and granting a replacement lien consistent with the provisions of 11 U.S.C. §361 as adequate protection for Bank of America, secured creditor.

                                              GILLMAN CAPONE, LLC
                                              Attorneys for Hirsch Glass Corporation
                                              Debtor in Possession

Date: 11/1/2024                                    By: ***/s/ Marc C. Capone***
                                                         MARC C. CAPONE