UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Gillman Capone, LLC
60 Highway 71, Unit 2
Spring Lake Heights, NJ 07762
(732) 661-1664
Attorney for Debtor-In-Possession
By: Marc C. Capone, Esq.

| | |
|---|---|
| In Re: | Case No.: **24-20881** |
| **Hirsch Glass Corporation** | Judge: **Mark E. Hall** |
| Debtors | Chapter: **11** |
| | Hearing Date: |

## DECLARATION OF HELEN ZHAO IN SUPPORT OF DEBTOR CHAPTER 11 FILING AND FIRST DAY MATTERS

**HELEN ZHAO**, of full age, pursuant to 28 U.S.C. § 1746, hereby certifies and declares under penalty of perjury as follows:

1. I am the Chief Financial Officer and shareholder of Hirsch Glass Corporation, the Debtor-in-Possession (hereinafter the "Debtor" or "Hirsch Glass"). I am fully familiar with the Debtor's business and financial affairs, including the facts and circumstances set forth herein.

2. I submit this declaration (the "Declaration") in support of the Debtor's voluntary petition for relief under Subchapter V, Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and the relief that the Debtor has requested from the Court in various motions filed contemporaneously herewith (the "First-Day Pleadings"). The relief sought in each of the First-Day Pleadings (1) is necessary to enable the Debtor to operate in chapter 11 with

1

minimal disruption to the Debtor's business without loss of value; and (2) best serves the interests of the Debtors' estate, creditors, and other parties in interest.

3. Except as otherwise indicated, the facts set forth in this Declaration are based on my personal knowledge, information learned from my review of the Debtor's relevant documents, including financial information, or my opinion based upon my experience and knowledge of the Debtor's operations and financial condition. This Declaration is intended to provide a brief background of the Debtor, a description of its assets, financial situation, the reasons for the chapter 11 filing, the objective in the chapter 11 process, and a summary of the relief sought in each of the First-Day Pleadings.

4. If called as a witness in this bankruptcy proceeding, I could and would testify to the best of my knowledge competently to the facts set forth in this Declaration. Unless otherwise indicated, all financial information set forth in this Declaration is presented on an unaudited basis.

## BACKGROUND

5. The Debtor, Hirsch Glass Corporation, is a distributor of engineered stone within the United States. Operating under the trade name of Spectrum Quartz, it occupies an area of 28,337 square feet within an industrial building, HGC also operates five additional distribution centers across the United States, situated in Atlanta, GA, Boston, MA, Orlando, FL, Chantilly, VA, and Charlotte, NC.

6. The Debtor has its main offices located at 115 Melrich Road, Cranbury New Jersey ("Business Premises") under a Lease Agreement between the Debtor and NJND Melrich Road LLC ("Landlord") dated May 20, 2020 for a term from June 1, 2020, to September 30, 2027.

7. The Debtor regularly employs approximately sixty-four (64) employees including executives, management, sales force and warehouse staff. I am paid through the business a salary of $100,000.00 to perform the duties of Chief Financial Officer, and our CEO, Alex Xei is paid a salary of $200,000.00.

## CIRCUMSTANCES LEADING TO BANKRUPTCY

8. Over the years, the Debtor has operated a profitable business and continues to do so. However, the Debtor has recently been named as a defendant in numerous toxic tort lawsuits and believes more may be forthcoming. While the Debtor believes any ultimate liability will be nominal, the cost of defending these lawsuits had begun to negatively impact the Debtor's cash flow and operations.

9. In the tax year 2022, the Debtor had revenue of $24,101,308.00 that resulted in net income of $518,542.00.

10. In the tax year 2023, the Debtor had revenue of $21,400,558.00 that resulted in a net income of $846,553.00.

11. The Debtor has approximately $31,617.77 of what is deemed liquidated undisputed unsecured debt and is primarily debts are owed to credit cards. Additionally, the Debtor has scheduled the plaintiffs in the various lawsuits filed to date as disputed, unliquidated debts with unknown amounts due.

12. The Debtor has secured debt in the approximate amount of $2,522,982.23. The secured debt consists primarily of a line of credit with Bank of America with an approximate balance of $1,900,000.00 and various vehicle notes with Ford Credit.

## CAPITAL STRUCTURE

### A. Secured Debt

13. The Debtor has secured debt in the approximate amount of $2,522,982.23. The secured debt consists primarily of a line of credit with Bank of America with an approximate balance of $1,900,000.00 and various vehicle notes with Ford Credit.

### B. Unsecured Debt

14. The Debtor has approximately $31,617.77 of what is deemed liquidated undisputed unsecured debt and is primarily debts are owed to credit cards. Additionally, the Debtor has scheduled the plaintiffs in the various lawsuits filed to date as disputed, unliquidated debts with unknown amounts due.

## CHAPTER 11 FILING

15. The Debtor filed its voluntary Chapter 11 petition on November, 2024 (the "Petition Date") to address the Debtor's inability to continue to incur significant costs to litigate a multitude of toxic tort cases. The Debtor intends to continue operations.

## REORGANIZATION PURPOSE

16. The Debtor intends to reorganize through restructuring its debt to creditors in a plan of reorganization and fund its plan through operations. The goal is to maximize the distribution to creditors and maintain the Debtor's assets.

## FIRST-DAY MOTIONS

17. Concurrently with the filing of its chapter 11 petition, the Debtor filed certain motions and proposed orders (collectively, the "First-Day Orders"). The Debtor requests this Court enter each of the First-Day Orders described below, as each is critical to the Debtor

achieving successful results in its chapter 11 case for the benefit of all parties-in-interest.

    **A.    Debtor's Motion Seeking Entry of Interim and Final Orders (I) Authorizing Debtor to Use Cash Collateral.**

    18.    The Debtor obtained a line of credit with secured creditor, Bank of America through a Master Credit Agreement dated April 9, 2021 with a credit limit of $2,700,000.00. The Note as extended had a maturity date of October 30, 2024. Prior to the maturity of the Note, the Debtor negotiated a Forbearance Agreement with Bank of America extending the term for a period of 6 months. The Debtor believes it presently owes approximately $1,900,000.00 on the Note.

    19.    Additionally, the Debtor obtained a commercial credit card with Bank of America on April 10, 2019 with a credit limit of $100,000.00. The Debtor believes it presently owes approximately $50,000.00 on this credit card. The Debtor has granted a security interest to Bank of America to collateralize the loan and the credit card. The collateral partially consists of all of the Debtor's personal property consisting of inventory, accounts receivable, equipment, furniture, machinery, rents, profits and cash collateral.

    20.    If the Debtor is unable to continue to use its cash to operate its business and pay its ordinary operating expenses inclusive of salaries, wages, insurance, utilities and other necessary operating expenses, it will not be able to operate or reorganize. Thus, the Debtor requests authorization to continue its use of cash collateral pledged to Bank of America.

    **B.    Motion for Authority to Continue to Use Existing Bank Accounts.**

    21.    Currently, the Debtor has three (3) bank accounts at J.P Morgan Chase Bank ("Chase"), two (2) bank accounts with Bank of America and one (1) bank account with Wells

Document    Page 6 of 7

Fargo. The Debtor maintains an operating account, accounts for accounts payable and an account reserved for payroll deposits, distributions, and payroll tax payments (the "Bank Accounts").

22. In the ordinary course of business, the Debtor receives deposits and issues checks, wire transfers and ACH transfers into and out of the Bank Accounts. The Debtor will, however, either print or stamp "Debtor-in-Possession" on the checks, and when it replaces stock, will obtain checks marked "Debtor-in-Possession."

23. The Debtor desires to maintain all bank accounts at Chase since it enjoys a productive, professional relationship with the bank. Moreover, the Debtor has established an infrastructure with Chase and it would be difficult to replace Chase with a new bank.

**C.    Motion for an Order Authorizing the Debtor to Pay Pre-Petition Wages, Salaries, Compensation, and Reimbursable Business Expenses Up to the Limits Set Forth in Bankruptcy Code § 507(a).**

24. The Debtor has 64 employees at the current time. The Debtor seeks authorization to (i) pay employee claims for wages, salaries, commissions, contractual compensation, sick pay, personal pay, holiday pay, other accrued compensation, withholding and payroll related taxes for the Current Pay Period (as defined therein); and (ii) direct all banks to honor pre-petition checks for payment of employee obligations in the Current Pay Period. Funds are paid out of the Debtor's payroll account at Chase. The Debtor uses ADP ("ADP") to process its payroll, calculate paychecks, administer all payroll deductions and tax withholdings, and file related tax returns.

25. Any payments in respect of prepetition wages, salaries, commissions, and other compensation and benefit programs will not exceed the employee limitation for the Current Pay Period allowable as a priority claim under Bankruptcy Code sections 507(a)(4) and (5).

26. The Debtor believes that the payment of the employee obligations is essential to maintain the critical employees during the pendency of the chapter 11 case and to ensure they remain with the Debtor.

27. The Debtor pays its employees bi-weekly – every other Friday. The Debtor uses ADP to process its payroll, calculate paychecks, administer all payroll deductions and tax withholdings, and file related tax returns.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.


Date: November 4, 2024                             /s/ Helen Zhao
                                                                                           Helen Zhao
                                                                                           Chief Financial Officer